IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **HARVEY L. SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | 1:09CV620 |
| ) | |
| **CABARRUS COUNTY BOARD OF** ) | |
| **EDUCATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the "Motion to Remand to State Court" filed by Plaintiff Harvey L. Smith ("Smith") on September 3, 2009. (Docket No. 9.) The motion has been responded to by Defendants and is ready for a ruling. For reasons set forth below, the Court finds that Plaintiff's motion to remand should be denied.

In his *pro se* complaint, which improperly includes lengthy arguments of law, Plaintiff complains of racial discrimination in his termination from employment with the Cabarrus County Schools. He sues numerous Defendants, all associated with the Cabarrus County Schools and/or the Cabarrus County Board of Education. In his "Introduction and Jurisdiction" section, he recites that he is seeking in this action relief under 42 U.S.C. § 1981, 42 U.S.C. § 1983, the Equal Pay Act, Title VII of the Civil Rights Act of 1964, and the Employee Retirement Income Security Act. He also states that this is "an action also

challenging defendants' unlawful acts under the common law and public policy of North Carolina." (Docket No. 1-2, Complaint at 2.) His factual allegations appear to be related to claims of discrimination in promotion, racial harassment, and retaliation with regard to his termination.

The Court finds that Plaintiff's motion to remand is frivolous and should be denied. The asserted ground of the motion is that Plaintiff's complaint, on its face, does not raise a federal question that could form a basis for federal subject-matter jurisdiction or removal under 28 U.S.C. §§ 1441(b) and 1446. That assertion is incomprehensible in view of the portions of the complaint referenced above or under a reading of the complaint as a whole. In his motion, Plaintiff argues issues of the timeliness of the removal and the unanimity of the Defendants, but his arguments on these issues have no basis in the factual record before the Court. Defense counsel signed the removal petition on behalf of, and in representation of, all named Defendants. Plaintiff has made no showing that the petition was not filed within 30 days of proper service of process upon all Defendants of the initial pleading in this matter. Mailing a copy of the summonses and complaint to defense counsel or to the individual Defendants in care of the Board of Education (*see* Docket No. 9-3) does not constitute proper service of process under Rule 4 and does not start the running of the 30-day period for removal under 28 U.S.C. § 1446. Plaintiff Smith has not shown untimeliness after any proper service of process.

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's motion to remand (Docket No. 9) be denied.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: October 16, 2009